UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL WOODS,
     Plaintiff,

v.                                      Case No.: 3:23cv24700/TKW/ZCB

SECRETARY OF HEALTH AND
HUMAN SERVICES, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, seeks judicial review of the Medicare Appeals Council's decision denying his claim for payment of a shoe lift. (Doc. 6).  Defendant, Secretary of Health and Human Services, has moved to dismiss.  (Doc. 12).  Plaintiff has responded in opposition (Doc. 14), and Defendant has replied (Doc. 16).  For the reasons below, Defendant's motion should be granted.

### **I.    Factual and Procedural Background[1]**

In his amended complaint, Plaintiff alleges that his right leg is shorter than his left leg.  (Doc. 6 at 6).  As a result, Plaintiff has received

_____

[1] At the motion to dismiss stage, the Court assumes the factual "allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

1

Social Security disability benefits since age seventeen.    (*Id.* at 7).

Plaintiff alleges that he has undergone several surgeries because of this

issue.   (*Id.*).  And Plaintiff says he has suffered from back pain, for which

his doctor prescribed a "shoe lift."  (*Id.*).

Until 2020, Humana Insurance—a Medicare Advantage insurance

plan—had paid for Plaintiff's shoe lift.   In 2020, however, Plaintiff's

Medicare Advantage insurance plan changed to one managed by United

Health Care.  (*Id.*).  Coverage for his shoe lift was thereafter denied.  (*Id.*).

Because coverage was denied, Plaintiff had to pay out of pocket for the

shoe lift.  (*Id.* at 9).

Plaintiff appealed the coverage denial to the Medicare Independent

Review Entity (IRE).  (Doc. 6-1 at 5).  The IRE rejected the appeal and

upheld the denial of Plaintiff's claim.  (*Id.*).  Plaintiff then requested a

hearing before an Administrative Law Judge (ALJ) in the Office of

Medicare Hearings and Appeals.  (*Id.*).  That hearing was held on June

15, 2023, after which the ALJ found coverage had been properly denied.

(*Id.* at 7).  Plaintiff appealed the ALJ's decision to the Medicare Appeals

Council.  (Doc. 6-1 at 12).  The Medicare Appeals Council affirmed the

ALJ's decision on October 30, 2023.  (*Id.* at 12-14).

Next, Plaintiff filed the current action seeking judicial review of the

Medicare Appeals Council's decision, which stands as the final decision

of Defendant Secretary of Health and Human Services.  Plaintiff alleges

that because of the denial of his claim, he has paid $306.25 out of pocket

for the shoe lift.  (Doc. 6 at 8).  He seeks reimbursement of that amount.

(*Id*.).  He also seeks an order requiring Medicare to "cover foot orthotics."

(*Id*.).

## II.    Discussion

Defendant has moved to dismiss based on lack of subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of

limited jurisdiction.  *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000).

If a federal court "determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Generally, there are two categories of federal subject matter jurisdiction:

(1) federal question jurisdiction (28 U.S.C. § 1331); and (2) diversity

jurisdiction (28 U.S.C. § 1332).  *Baltin v. Alaron Trading Corp.*, 128 F.3d

1466, 1469 (11th Cir. 1997).  The party asserting federal jurisdiction has

the burden of showing that the case falls into one of the two categories.

*Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).

In this case, Plaintiff's amended complaint says this case falls within the first category—federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 6 at 1). Federal question jurisdiction exists "only when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that the plaintiff says entitles him to relief. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal law giving rise to the cause of action in this case is 42 U.S.C. § 1395w-22(g)(5).

Under that statute, a Medicare enrollee who has been denied coverage for a "health service" may seek judicial review of the Secretary's decision denying coverage "[i]f the amount in controversy is $1,000 or more." 42 U.S.C. § 1395w-22(g)(5). Thus, "judicial review is not available for a claim with an amount in controversy less than $1,000."[2] *Acquisto v. Secure Horizons*, 504 F. App'x 855, 856 (11th Cir. 2013); *see also Global Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905,911 (9th Cir. 2022) (explaining that a Medicare beneficiary may seek judicial

---

[2] This jurisdictional amount is subject to adjustment for inflation. 42 U.S.C. § 1395ff(b)(1)(E)(i); 42 U.S.C. § 1395w-22(g)(5). The applicable adjusted jurisdictional amount in this case appears to be $1,850, as that is the threshold the Medicare Appeals Council included in their Notice of Decision to Plaintiff. (*See* Doc. 6-1 at 10).

review of a coverage decision "only if the remaining amount in controversy is $1,000 or more (adjusted for inflation)").  So, if a plaintiff seeks judicial review of a Medicare coverage denial that involves less than the jurisdictional threshold, then dismissal is required for lack of subject matter jurisdiction.  *See Acquisto*, 504 F. App'x at 856 (affirming dismissal for lack of subject matter jurisdiction where the plaintiff seeking to challenge a Medicare coverage denial failed to establish that the amount in controversy exceeded $1,000).

In this case, Defendant argues that subject matter jurisdiction is lacking because Plaintiff seeks $306.25 (the cost he paid for the shoe lift), which is less than the inflation-adjusted amount in controversy requirement of $1,850.  Plaintiff has attempted to avoid that conclusion by arguing that he will need a shoe lift for the rest of his life, and "the cost will go up over time."  (Doc. 14 at 2).  That argument lacks merit because the Court is being asked to review a particular claim that was denied on a particular date and exhausted through the agency appeal process.  And Plaintiff has admitted that the value of that claim is $306.25.  The fact that in the future Plaintiff may have additional claims that may be denied and those additional claims may involve a higher

dollar amount is irrelevant to the question of whether the Court has jurisdiction over the claim before it today. *See generally Odell v. U.S. Dep't of Health & Human Servs.*, 995 F.3d 718, 723 (9th Cir. 2021) (recognizing that the potential for future claims cannot provide the court with jurisdiction over a case involving current claims). Because what is before the Court today is a challenge to Defendant's denial of a claim valued at $306.25, the Court lacks subject matter jurisdiction because the amount in controversy requirement in 42 U.S.C. § 1395w-22(g)(5) has not been met. Thus, dismissal is required.

To the extent Defendant argues he has also asserted a discrimination claim (Doc. 14 at 2), such a claim should be dismissed (as Defendant asserts) for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (*See* Doc. 12 at 7-8 n. 3). To survive dismissal for failure to state a claim, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff[] must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings of *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). "Despite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Plaintiff's amended complaint does not state a discrimination claim under the Affordable Care Act, the Americans with Disabilities Act (ADA), or the Rehabilitation Act. To state a discrimination claim under Section 1557 of the Affordable Care Act, a plaintiff must plausibly allege he "(1) was a member of a protected class, (2) qualified for the benefit or program at issue, (3) suffered an adverse action, and (4) the adverse action gave rise to an inference of discrimination." *Griffin v. Gen. Elec. Co.*, 752 F. App'x 947, 949 (11th Cir. 2019). To state an ADA claim, a plaintiff must plausibly allege: "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such entity; (3) by reason of

disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (cleaned up). The same standard applies to claims under § 504 of the Rehabilitation Act. *Allmond v. Akal Sec., Inc.*, 558 F.3d 1312, 1316 n.3 (11th Cir. 2009).

As the Court previously informed Plaintiff when reviewing his initial complaint, he has failed to include sufficient factual detail to state a plausible claim under the Affordable Care Act, the ADA, or the Rehabilitation Act. Plaintiff has not plausibly alleged that he is qualified for the benefit or program at issue, or that the adverse action at issue has given rise to an inference of discrimination. Instead, with regard to the issue of discrimination, Plaintiff's amended complaint simply says: "my rights in Section 1557 discrimination on the basis of disability." (Doc. 6 at 8). Such conclusory statements are insufficient to state a disability discrimination claim. *See Andrews v. City of Hartford*, 700 F. App'x 924, 927 (11th Cir. 2017) (affirming dismissal because the plaintiff made "only the conclusory statement that he was fired because of his disability,

which was not sufficient to state a discrimination claim"). Accordingly,

Defendant's motion to dismiss should be granted.[3]

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 12) be **GRANTED**; and

2. The Clerk of Court be directed to enter judgment in accordance with

   this Order and close the case.

At Pensacola, Florida this 29th day of April 2024.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[3] The Court previously determined that the proper Defendant in this matter was the Secretary of Health and Human Services and, therefore, service on the other named Defendants was unnecessary. (*See* Doc. 7). Thus, Plaintiff's case should be dismissed as to the Defendants named in the amended complaint (Doc. 6) even though those Defendants have not appeared in this case.